### GOESS v. HARTFORD-CONNECTICUT TRUST CO.
### No. 3771.

District Court, D. Connecticut.

July 13, 1937.

Supplemental Memorandum July 19, 1937.

Edward J. Lonergan, of Hartford, Conn., for plaintiff.

Day, Berry & Howard and Olcott D. Smith, all of Hartford, Conn., for defendant.

THOMAS, District Judge.

This is a suit brought by the receiver of a national bank in liquidation, to recover on an assessment made against a stockholder. The issue here is very narrow, and concerns the interpretation of the Connecticut statute (Gen.St.Conn.1930, § 4914) regulating the presentation of claims against decedents' estates. It has already been held upon previous rulings made in this cause by Judge Hincks that the provisions of the Connecticut statute govern.

The decedent, Catherine W. Donaghue, was the owner of 20 shares of stock of the Harriman National Bank & Trust Company. She died on November 5, 1933. The assessment in question was levied on November 13, 1934, and, by its terms, was payable December 20, 1934. On January 11, 1935, the receiver wrote a letter to the Hartford Trust Company, which letter came into the hands of the defendant, and was answered by the defendant. As this letter is the basis of plaintiff's claim of presentment of claim, it is here quoted in full:

"The
"Harriman National Bank & Trust
Company
"100 Park Row
"New York
"Re: Mrs. Catherine W. Donaghue—20
Shares.
"January 11, 1935.
"Hartford Trust Company, Hartford, Connecticut.

"Gentlemen: Mrs. Catherine W. Donaghue, of 995 Prospect Avenue, Hartford, is the holder of 20 shares of stock of this bank, on which an assessment of $2,000 has been levied. We have had no word from Mrs. Donaghue in regard to the assessment, which was due on December 20th, and suit is contemplated.

"However, before spending the monies of the depositors of this trust in legal fees, we should like to know whether or not Mrs. Donaghue is responsible, in the event judgment should be obtained against her, and shall therefore appreciate an expression of your opinion as to her responsibility.

"Please be assured that any information that you care to give will be appreciated and treated in confidence.

"Very truly yours,
"F. V. Goess
"Frederick V. Goess, Receiver."
"FVG:EVG"

To this letter defendant responded by letter of January 16th, as follows:

"The Hartford-Connecticut Trust
Company
"Hartford, Connecticut
"Trust Department    January 16, 1935
"Mr. Frederick V. Goess, Receiver, Harriman National Bank & Trust Co., 100
Park Row, New York, N. Y.

"Dear Sir: This will acknowledge your letter of January 11th, 1935, addressed to The Hartford Trust Company making inquiry concerning Mrs. Catherine W. Donaghue, a stockholder or former stockholder, in the Harriman National Bank & Trust Company. Mrs. Donaghue died on November 5th, 1933, and as it happens this Company was administrator of her estate. The period for presenting claims against the estate expired in June 1934.
"Yours very truly,
"[Signed] Charles C. Russ, Vice President."
"CCR:U"

Plaintiff contends that the letter of January 11, 1935, is an adequate present-

ment of the claim. The defendant denies this and claims that the letter of January 16th is an adequate disallowance of the claim, a conclusion which the plaintiff opposes.

I am of the opinion that a fair reading of section 4914 of the General Statutes of Connecticut, Revision of 1930, and of the decisions construing the same, sustain the position taken by the plaintiff. The law does not require any specific form of presentation; it does not even require a written presentation; it requires merely a communication to the administrator, adequate to put him on notice as to the nature and the amount of the claim. I am of the opinion that the letter of January 11th answered this purpose, and while the communication was, in a sense, fortuitous, that circumstance is not sufficient to lessen its adequacy.

I am also of the opinion that the letter of January 16th is not an adequate disallowance of the claim. It was obviously based upon the writer's misapprehension as to the time when the period for presenting claims terminated, and left open the door for a different attitude, should the administrator be corrected as to the true date of termination. The letter did not speak in categorical terms; it did not embody an act (the act of disallowance), but communicated either an opinion, or, at best, the writer's notion as to the facts. Something more than this is required by the statute and the decisions construing it. The administrator need not set forth the grounds of his rejection; but the rejection, as such, must be affirmative and unequivocal.

As this is the only defense to the action, I am of the opinion that the evidence does not sustain it. Therefore, judgment should go to the plaintiff for the sum of $2,000 and costs. Submit order accordingly properly consented to as to form.

Supplemental Memorandum.

Memorandum of decision was filed July 13, 1937, in which judgment was ordered for the plaintiff in the sum of $2,000 and costs.

A judgment in an action at law carries interest of course, and the memorandum of decision should properly have incorporated in the last paragraph thereof the words "together with interest at six per cent from December 20, 1934 to the date of payment," and the quoted words are ordered attached at the end of the memorandum filed July 13, 1937.